UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON DANIEL CARRERA MACIAS, A-244-295-630,<br>Petitioner,<br>v.<br>WARDEN, et al.,<br>Respondents. | No. 1:26-cv-06179-DC-CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and proceeds without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case was transferred to this court on Augus 4, 2026, and is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1). The petition and respondent's opposition to the petition are before the court. (ECF Nos. 1, 17.) No further briefing is necessary and for the reasons set forth below, the undersigned recommends the court grant the petition to the extent that respondents be ordered to provide petitioner a bond hearing before an immigration judge.

**I. Background**

Petitioner is a citizen and native of Venezuela who applied for admission to the United States on or about December 5, 2023, as part of the CBP One Program. (ECF No. 17-1 at 2.) He was issued an I-862 Notice to Appear and was paroled into the United States. (ECF No. 17-3.)

While living in the United States, petitioner established a residence, applied for asylum, obtained an Employment Authorization Document (EAD), and obtained employment in his community. (ECF No. 1 at 5.) On June 24, 2025, petitioner sustained a conviction in Salt Lake County, Utah, for a misdemeanor assault offense. (ECF No. 17-2 at 7.)

Under the petition's allegations, on July 13, 2026, petitioner was gathered with others at a park in Salt Lake City, Utah, when local police arrived and pointed weapons at the group and located a firearm at the scene. (ECF No. 1 at 6.) Petitioner was arrested and immigration officials encountered him in jail during a routine check. (ECF No. 17-1 at 2.) Under respondent's evidence, petitioner was criminally arrested for the offense of prohibited dangerous weapon conduct, in violation of Utah code 76-11-305(2) + (3B), which is a second-degree felony, and has a criminal pending case. (Id.) Petitioner has been detained in custody of immigration officials since July 19, 2026. (ECF No. 6-1 at 3.)

In the pending petition, petitioner contends he was unlawfully redetained without notice, in violation of applicable regulations, and without constitutionally adequate process, and that he is being detained without a valid statutory basis. (ECF No. 1 at 9-12.) Petitioner requests immediate release from custody. (Id. at 15-16.)

Respondents filed an opposition to the petition. (ECF No. 17.) Respondents contend petitioner is ineligible for a bond hearing because he is an "applicant for admission" subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2). (Id. at 1.) However, respondents acknowledge the Ninth Circuit recently held that § 1226 governs petitioner's detention and state petitioner is entitled to seek a custody redetermination before an immigration judge. (Id. at 1-2.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

////

## III. Discussion

Petitioner was living in the United States when he was redetained by immigration officials on July 19, 2026, and he is not subject to a final order of removal. The applicable detention authority is 8 U.S.C. § 1226. See Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)).

Section 1226(a) expressly authorizes release on bond or conditional parole. See 8 U.S.C. § 1226(a)(1)-(2). Under § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). By not providing petitioner a bond hearing under 8 U.S.C. § 1226(a), respondents are violating petitioner's federal rights. Respondent's assertion that petitioner is entitled to seek a custody redetermination hearing provides no reason to deny the petition because petitioner was entitled to an initial bond hearing and other process which should have already been provided. Petitioner is detained in violation of the INA.

Further, the record indicates petitioner has a liberty interest in his continued freedom protected by the Due Process Clause. A non-citizen's prior release into the United States can create a liberty interest in remaining out of custody. See, e.g., Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release into the United States after a determination he presents no danger to the community or flight risk gives rise to a "heightened" liberty interest in remaining out of detention); Chavarria v. Chestnut, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025) ("Many district courts in the Ninth Circuit have found that non-citizens paroled into the United States pursuant to § 1182(d)(5) have a liberty interest in their continued release, entitling them to certain due process protections, the extent of which are determined by applying the test provided in Mathews v. Eldridge, 424 U.S. 319, 335

(1976).”). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government’s interest. 424 U.S. at 335.

Petitioner has a substantial private interest in maintaining his out-of-custody status. Freedom from imprisonment is at the core of the Due Process Clause. Zadvydas, 533 U.S. at 690. The risk of erroneous deprivation of this private interest is considerable because he was denied the process he was due under 8 U.S.C. § 1226(a) and has not been afforded an individualized determination whether he should be released or detained while removal proceedings are ongoing. However, respondents may have a legitimate interest in petitioner’s detention based on circumstances surrounding petitioner’s criminal arrest in July 2026 for a dangerous weapons offense. The undersigned will recommend petitioner be provided a prompt post-deprivation bond hearing as the appropriate remedy rather than outright release. See Singh v. Chestnut, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (ordering a post-deprivation bond hearing for a petitioner formerly released on his own recognizance and detained by ICE after an arrest where the government “may well have a legitimate interest in [p]etitioner’s detention based on the information contained in the arrest report”); J.S.H.M. v. Wofford, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15-16 (E.D. Cal. Oct. 16, 2025) (ordering bond hearing where there was a dispute of fact as to whether violations of release terms occurred and ICE’s reliance upon those violations was not obviously pretextual).

**IV. Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Respondents be ordered to provide petitioner a bond hearing before an Immigration Judge within fourteen (14) days of adoption of these findings and recommendations.
3. Judgment be entered in petitioner’s favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 08/24/26

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 carr6179.mer