UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NELSON DANIEL CARRERA MACIAS (A-244-295-630),

Petitioner,

v.

WARDEN ADELANTO ICE PROCESSING CENTER, et al.,

Respondents.

No. 1:26-cv-06179-DC-CKD (HC)

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS

(Doc. Nos. 18, 21)

Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 24, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 18.) Neither party filed objections to the findings and recommendations. On October 5, 2026, Petitioner filed a motion for expedited resolution. (Doc. No. 21.)

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court has

reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis. However, consistent with this court's previous decisions, the court finds that the appropriate relief in this case is Petitioner's immediate release from custody. Specifically, this court has found that noncitizens are constitutionally entitled to prior notice and a pre-deprivation hearing before being detained by immigration authorities. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK (HC), 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Respondents neither argue nor explain why Petitioner's criminal history renders inapplicable this court's previous determination that such noncitizens are entitled to notice and a pre-deprivation bond hearing before they can be re-detained, and the undersigned is unpersuaded that a mere mention of Petitioner's recent arrest—which the criminal justice system is managing through ongoing criminal proceedings—is sufficient to explain why Petitioner was not entitled to due process before his immigration detention. (*See* Doc. Nos. 17 at 1; 17-1 at 2); *see also Yi Yang v. Warden, Cent. Valley Annex*, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933, at *2 (E.D. Cal. Oct. 5, 2026) (finding that release was appropriate for noncitizen detained without pre-deprivation bond hearing where the government "provide[d] the court with no argument as to how [the petitioner's criminal history] has any bearing on this case or the government's act of detaining Petitioner" pursuant to § 1226(a)); *Lucas-Roblero v. Warden*, No. 1:26-cv-06366-DC-CKD, Doc. No. 7 (E.D. Cal. Aug 13, 2026) (ordering immediate release for the petitioner where the respondents made no argument as to the implications, if any, of the petitioner's alleged arrest).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 24, 2026 (Doc. No. 18), are ADOPTED IN PART;

2. Petitioner Nelson Daniel Carrera Macias's (A-244-295-630) petition for a Writ of Habeas Corpus (Doc. No. 1) is GRANTED, as follows:
    a. Petitioner shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his detention on in July 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;
    b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;
    c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;
    d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and
    e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;
3. Petitioner's motion for expedited resolution (Doc. No. 21) is denied as having been rendered moot by this order;
4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

/////

/////

/////

/////

/////

5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 20, 2026**

Dena Coggins
United States District Judge